# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re: )
) Case No.
VENKAT PRASAD, )
) **CHAPTER 13 PLAN**
) Original
Debtor. )
_____)

*1. **Plan Payments:***
Within 30 days of the filing of the Plan, the Debtors will commence making payments to the Trustee as follows:
  A. AMOUNT: **$1,152.29**; FREQUENCY: Semi-Monthly.
  B. TAX REFUNDS: Debtor DOES NOT COMMIT all tax refunds to funding the Plan. If no selection is made, tax refunds are committed.
  C. PAYMENTS: Plan payments shall be deducted from the Debtor wages unless otherwise agreed to by the Trustee or subsequent Court Order.
  D. OTHER: Debtor may receive a bonus in September of each year. Debtor will pay such income (net of applicable Federal and State taxes) received each year to the plan as received. Debtor also plan to surrender the debtor residence to the mortgage lender.

*2. **Plan Duration**:*
Debtor estimate the Plan will run approximately 50-50 months. The Plan may be extended up to 60 months after the first payment is due if necessary to complete the Plan.

*3. **Distribution of Plan Payments**:*
The Trustee shall disburse funds received in the following order:
A. ADMINISTRATIVE EXPENSES:
    1. Trustee. The percentage set pursuant to 28 USC §586(e).
    2. Other administrative expenses. As allowed pursuant to 11 USC § 507(a)(2) or 707(b).
    3. Attorney's Fees: Original attorney's fees of $1,800.00 of which $1,800.00 remains unpaid. Only the sum of $550 will be paid through the plan; balance will be reimbursed to Debtor via his pre-paid legal insurance benefit.
      Fees are to be paid: $275.00 per month.
B. CURRENT DOMESTIC SUPPORT OBLIGATION: $1,630.00 child support; $4,000/mo spousal support for three months commencing July 2008. (In arrears) Spousal support is subject to modification.
C. SECURED CLAIMS: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise,

payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than current mortgage payments and continuing payments and except as provided in 26 USC § 6621(a)(2) and 11 USC § 1322(b)(2) as limited by 11 USC § 1325(a), will be paid the amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest from the Petition filing date. Interest rate and monthly payment in the Plan control unless a creditor timely files an objection to confirmation. Value of collateral stated in the Proof of Claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law. **Any creditors holding allowed secured claims not specified below shall not receive payment from the Trustee**. If the interest rate is left blank, the applicable interest rate shall be 8%.

1. *Payments That Will Continue Beyond The Term Of The Plan* (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|

N/a

2. *Mortgage Arrearage/Property Tax Arrearage Payments*:

| Rank | Periodic Payment | Creditor | Property | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|

N/a.

3. *Other Claims Secured by Personal Property*:

(a). Unless written consent to the alternative treatment as set forth below is filed with the court, the trustee shall pay the contract balance as stated in the Proof of Claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor **within 910 days** preceding the filing date of the Petition or in other personal property acquired **within one year** preceding the filing date of the Petition as follows. Debtor stipulate that pre-confirmation adequate protection payments shall be paid by the trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

(i). Payment if contractual balance

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
| 1 | $400/mo | First Tech. C.U. | 2005 Toyota Camry | $400/mo. | 7% |

*(ii). Proposed Alternative Treatment, which shall not be binding upon the creditor without written consent filed with the court.*

**N/a.**

*(b). The following secured claims are **not** for a motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the Petition and are **not** for other personal property acquired within one year preceding the filing date of the Petition. Debtor stipulate that pre-confirmation shall pay the amount stated as the "Equal Periodic Payment".*

**N/a.**

D. PRIORITY CLAIMS: Payment in full, on a pro-rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

E. NON-PRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

1. Specially Classified Unsecured Claims. The Trustee shall pay prior to other nonpriority unsecured claims as follows:

N/a.

2. Other Unsecured Claims. The Debtor will pay 100% to claimants in this class, or pay projected disposable income for no less than the Applicable Commitment Period of either 36 or 60 months as stated below **(choose a. or b., but not both)**:

(b.) Pursuant to 11 USC § 1325(b), debtors' projected disposable income during the applicable commitment period of no fewer than 60 months totals $124,440.00, and not less than that total amount shall be distributed to allowed nonpriority unsecured claims. Plan would thus yield approximately -100%- to nonpriority unsecureds. Percentage may vary depending upon funds available after payments required under Paragraphs 3A-3E1 and upon total of claims filed.

### 4. *Secured Property Surrendered*:
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this paragraph are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

**Debtor residence; 2004 Toyota Sienna vehicle.**

**5. *Executory Contracts and Leases*:**
The Debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below.  Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Paragraph 6, unless otherwise specified in Paragraph 10 with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments.  Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected.  If rejected, the Debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Paragraph 3E2.

    N/a.

**6. *Payments Made by Debtor and not by the Trustee*:**
The following creditors shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee.  (Payment stated shall not bind any party)

    N/a.

**7. *Revestment of Property*:**
Unless otherwise provided in Paragraph 10, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the Debtor, except that earnings and income necessary to complete the terms of the Plan shall remain vested in the Trustee until discharge.  The Debtor shall not, without approval of the court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

**8. *Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)*:**
No less than $0 shall be distributed to priority and nonpriority unsecured claims.  Under USC § 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under paragraphs 3D and 3E shall be paid at the rate of 0% per annum from the Petition filing date (no interest shall be paid if left blank).

**9. *Certification*:**
A.  The Debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this Plan and will be paid in full at the time of the confirmation hearing.  Debtor acknowledge that timely payment of such post-petition Domestic Support Obligations is a condition of Plan confirmation pursuant to 11 USC § 1325(a)(8).
B.  The Debtor or their attorney certifies that this Plan does not alter the provisions of Local Bankruptcy Form 13-3 except as follows: Deletions of unnecessary std. Form language if inapplicable.)

**10. <u>Other Plan Provisions</u>**: *(must be separately numbered)*

N/a.

| | | | |
|---|---|---|---|
| S/s Thomas P. Vest | S/s Venkat Prasad | 5650 | 7/23/08 |
| Attorney for Debtor | Debtor | Last 4 digits SS# | Date |